UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

August 13, 2024

## LETTER ORDER

Re:   Minden Pictures, Inc. v. Birds by Joe II LLC
      Civil Action No. 24-612 (ZNQ)(RLS)

Dear Counsel:

The Court has reviewed the Motion to Dismiss filed by Defendant Birds by Joe II LLC ("Defendant"). ("Motion", ECF No. 26.) Plaintiff Minden Pictures, Inc. ("Plaintiff") opposes the Motion. ("Opp.," ECF No. 28.) The Motion, with its scant two-page moving brief in support, is both improper and deficient. Its procedural defects are obvious. First, Defendant failed to comply with the undersigned's posted judicial preferences regarding pre-motion conferences. Second, the moving brief fails to identify any federal rule of civil procedure, much less what rule Defendant is moving under. The Notice of Motion states that Defendant is seeking dismissal of the Complaint under Fed. R. Civ. P. 55(c). (ECF No. 26 at 2.) Rule 55 has nothing to do with the posture of this case; it governs default and default judgment. Paragraph (c) of Rule 55 enables a court to set aside default or default judgment, neither of which has been entered in this matter. Third, attached to the Motion is what purports to be a certification from one of the members of the Defendant limited liability corporation, but the document fails to employ the language required for unsworn declarations under 28 U.S.C. § 1746.

The Motion is also substantively deficient. Defendant cites no authority whatsoever for its premise that this matter should be dismissed because Defendant has "certified that it has never owned or controlled a website", and it therefore "cannot be liable to the Plaintiff for publishing a photograph on a website it neither owned nor controlled." (ECF No. 26-7 at 2.) First, Plaintiff is entitled to test these assertions in discovery rather than relying on Defendant's certification. Second, as Plaintiff notes in its opposition, Defendant has already conceded in discovery that it hired a third party to produce the allegedly infringing website. (Opp. at 2) (quoting letter from counsel for Defendant). Even assuming this is true, despite Defendant's apparent belief to the contrary, it may be liable for contributory infringement and/or vicarious infringement. *See Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376 (3d Cir. 2016) (recognizing contributory infringement and vicarious infringement in the context of copyright.) Accordingly, the identity of the third-party and the terms of its relationship with Defendant are also well within the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b).

For all of these reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss (ECF No. 26). The parties are ordered to proceed with discovery as directed by the Magistrate Judge.

**IT IS SO ORDERED.**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE